IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,

     v.

CORNING INCORPORATED,

                Defendant.
-------------------------------------------------------x

Civil Action No.

COMPLAINT

JURY TRIAL DEMANDED

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Charging Party Barbara A. Wunderlich and other similarly aggrieved individuals who were adversely affected by such practices.  As alleged with greater particularity below, the Equal Employment Opportunity Commission ("EEOC" or the "Commission") alleges that the Defendant, Corning Incorporated ("Corning" or "Defendant"), failed to promote Charging Party and other female employees to Line Lead positions because of their sex (female).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant has continuously been doing business in the State of New York and the Village of Painted Post and Town of Big Flats, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Charging Party filed a charge with the Commission alleging violations of Title VII by Defendant.

7. On June 8, 2021, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. On September 17, 2021, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Defendant is an American multinational technology company that specializes in specialty glass, ceramics, and related materials and technologies including advanced optics, primarily for industrial and scientific applications. It has more than 50,000 employees.

12. Charging Party is a woman. She began working for Defendant in or around September 2000 until May 2003, when she was laid off due to a plant closure. Defendant rehired her in May 2010, and she has worked as a Process Assistant (machine operator) since then.

13. In 2019, Charging Party worked as a Process Assistant in the Research Melting Operations Group at the Sullivan Park facility. Her responsibilities included monitoring the automated processes by which glass is formed.

14. Since at least August 2019, Defendant has engaged in unlawful employment practices at its Sullivan Park and Big Flats facilities, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. 2000e-2(a)(1), by failing to promote qualified female employees, including Charging Party, to Line Lead positions.

    a. Line Leads provide technical leadership and direction to the other Process Assistants on a shift. In return, they receive a 6% salary increase.

    b. In summer 2019, Charging Party learned that a Line Lead position would soon become available. The position concerned the "bottom of the draw" (BOD)

function – the part of the process where the glass comes out and the product is packed. Charging Party was qualified for the position.

c. However, when Charging Party approached one of Defendant's supervisors to express interest in the position, he indicated that he did not have to post the open position. Rather, he believed he could place whomever he wanted into that role. Charging Party objected and claimed that per Union rules, the position should be posted with everyone having a fair opportunity.

d. That summer, Charging Party and other employees witnessed Defendant's supervisors showing male employees how to perform certain tasks relevant to the BOD Lead position.

e. When Charging Party asked to be shown the same tasks, one of Defendant's supervisors told her that Defendant did not want everyone to know how to perform those tasks.

f. In early August 2019, Defendant formally posted the BOD Lead position and Charging Party applied.

g. Defendant interviewed Charging Party and one of the male employees to whom Charging Party had witnessed Defendant providing additional specialized training.

h. After interviews, Defendant promoted the male employee. Defendant told Charging Party that the male employee had received a higher total score from the interview panel.

i. Upon information and belief, the outcome of the BOD Lead promotion decision was predetermined.

j.  Similarly, in June 2020, Charging Party and another female Process Assistant applied for another Line Lead position. The position was at Defendant's Big Flats facility. Charging Party began working at Big Flats in late May 2020, after being furloughed by Defendant from Sullivan Park in March 2020 due to the COVID-19 pandemic.

k.  The open position's job duties included inspecting, tweaking and calibrating machines inside a clean room, and was referred to as an Inside Lead or Inside Clean Room Lead position.

l.  Both Charging Party and the other female Process Assistant were qualified for the position and Defendant offered them an interview. They were the only applicants for the position.

m.  However, Defendant then claimed that both women had not completed the training appropriate for the role. Both Charging Party and the other female applicant deny that they had not completed the requisite training. Nonetheless, Defendant said that it would re-post the position.

n.  Defendant re-posted the position in or around July 2020. This time, a male employee applied for the position.

o.  The male employee was not eligible for the position as he was not a permanent Process Assistant, a primary requirement for the role. Regardless, Defendant, without consulting the Union, changed his status to permanent, so that he could be considered. Moreover, upon information and belief, he had not completed all of the required training by the time of his interview. Despite

  these deficiencies, Defendant allowed the male employee to interview and hired him for the position over Charging Party and her female colleague.

 p. Upon information and belief, Defendant continues to groom and promote male employees over similarly or more qualified women.

15. The effect of the practices complained of in paragraph 14 above has been to deprive Charging Party and similarly aggrieved individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their sex (female).

16. The unlawful employment practices complained of in paragraph 14 above were and are intentional.

17. The unlawful employment practices complained of in paragraph 14 above were and are done with malice or with reckless indifference to the federally protected rights of the aggrieved individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Issue a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against female employees in promotion decisions on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Charging Party and the other aggrieved individuals, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful

employment practices, including but not limited to, promoting the aggrieved individuals into Line Lead positions.

D. Order Defendant to make whole Charging Party and other aggrieved individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 14-17 above, in amounts to be determined at trial.

E. Order Defendant to make whole Charging Party and the other aggrieved individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 14-17 above, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, embarrassment, humiliation, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Charging Party and the other aggrieved individuals punitive damages for its malicious and reckless conduct, as described in paragraphs 14-17 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: December 16, 2021
New York, New York

Respectfully Submitted,

GWENDOLYN YOUNG REAMS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, DC 20507

JEFFREY R. BURSTEIN
Regional Attorney
jeffrey.burstein@eeoc.gov

NORA E. CURTIN
Supervisory Trial Attorney
nora.curtin@eeoc.gov

 /s/ Renay M. Oliver
Renay M. Oliver
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004
(929) 506-5289 (p)
(212) 336-3623 (f)
renay.oliver@eeoc.gov